UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY KERR,<br><br>                Plaintiff,<br><br>   v.<br><br>AMERICAN HOME MORTGAGE SERVICING INC., et al.,<br><br>                Defendants. | Case No. 4:11-CV-00134-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 14, 2012, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation in this matter. (Dkt. 43.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation. Plaintiff Terry Kerr ("Kerr") filed an objection to the Report and Recommendation on August 31, 2012 entitled "Opposition to the Report and Recommendation, Dkt. 44, and a declaration with exhibits in support of said opposition, Dkt. 45. Defendants filed an untimely response to Plaintiff's objections on September 21, 2012, Dkt. 47.[1]  The matter is now ripe for this Court's review.

---

[1] Defendants response to objections filed by Plaintiff were due fourteen (14) days after Plaintiff's objections were filed on August 31, 2012.  Dist. Idaho Loc. Civ. R. 72.1(b)(2).

**ORDER - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

**ORDER - 2**

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, Plaintiff filed his objections and the Court conducted a *de novo* determination of the Report and Recommendation. Kerr makes many statements attacking the judicial system, the judge entering the Report and Recommendation and counsel for defendants. None of these comments are helpful in analyzing the merits of the pending motions. The Court understands that Kerr is frustrated with the judicial system and believes that a "Mormon Mafia" is out to get him. Regardless, this Court is required to consider the applicable law, not mere allegations in deciding pending motions.

This case involves the validity of a proposed non-judicial foreclosure of property owned by Plaintiff and his son, Dennis Kerr, located at 2140 Belmont Ave., Twin Falls, Idaho. Kerr is proceeding pro se in this matter. Because Kerr is not an attorney licensed to practice law in the District of Idaho, he may not represent the interests of his adult son Dennis Kerr. Dist. Idaho Loc. Civ. R. 83.7. Therefore, any claims Dennis Kerr may have under the Service Members Civil Relief Act ("SMCRA") must be raised by Dennis Kerr, not the Plaintiff who is not currently active in military service. Alternatively, the SMCRA does not apply to the facts alleged by Plantiff as the SMCRA applies to contracts entered before the period of the service member's military service and it is undisputed that the debt on the real property at issue was entered after Daniel Kerr enlisted in the Army in 2002.

**ORDER - 3**

As to the altered loan agreement allegation, the Court finds Plaintiff's argument is not supported by the record which shows the billing statements for the loan were consistent with the monthly payments Kerr claims he agreed to, $1,446. Therefore, there is no evidence the terms of the agreement for the promissory note were unilaterally modified by Defendants.

As to the Fair Debt Collection Practices Act, this Court agrees the law is settled that a creditor seeking non-judicial foreclosure on a property is not a debt collection activity under the FDCPA. Generally, non-judicial foreclosure actions do not constitute "debt collection activity" under the FDCPA. See *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("[The] activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA). Importantly, a debt collector does *not* include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Fitzgerald*, 2011 WL 1542138 at *3 (quoting 15U.S.C. § 1692a(6)(F)). To this end, courts – including this Court – have concluded that "lenders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA." *Cherian v. Countywide Home Loans, Inc.*, 2012 WL 2865979, *4 (D. Idaho 2012) (citing *Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875, *3 (S.D. Cal. 2008) (citing *Williams v. Countrywide*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) ("Mortgage companies collecting debts are not 'debt collectors.'"))).

**ORDER - 4**

Plaintiff's allegations of libel and slander do not survive as he has not established the four elements for a defamation action. *See Clark v. The Spokesman-Review*, 163 P.3d 216 (Idaho 2007). The Court adopts Judge Boyle's analysis of Kerr's failure to establish the four requisite elements.

Finally, to the extent Kerr claims the foreclosure is based on racial animus and constitutes a hate crime, Kerr is without standing to bring a criminal complaint. Kerr is free to bring his concerns to the United States Attorney, but the prosecutor determines if allegations justify a criminal prosecution. Moreover, there is no evidence before this Court that Defendant American Home Mortgage Servicing, Inc. was aware of Kerr's race or that any action it took regarding the foreclosure was based on Kerr's race. The foreclosure was based on a default by Kerr in not paying the amounts owed, not his race.

The Court having reviewed the Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. 43) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**ORDER - 5**

**IT IS FURTHER ORDERED**:

1. Defendant's Motion for Sanctions (Dkt. 40) is GRANTED. Plaintiff is sanctioned $500 for reasonable attorneys fees payable to Defendant American Home Mortgage Servicing, Inc. based upon Plaintiff's filing of a frivolous pleading Notice of Bad Faith and Misconduct by Attorney Cynthia L. Yee-Wallace, Dkt. 27, that Defendant American Home Mortgage Servicing, Inc. was required to respond to and to move to strike.

2. Defendant's Motion to Strike Notice of Bad Faith (Dkt. 31) is GRANTED.

3. Plaintiff's Motion for Restraining Order (Dkt. 35) is DENIED AS MOOT.

4. Defendant's Motion for Summary Judgment (Dkt. 28) is GRANTED.

5. Plaintiff's Second Amended Complaint (Dkt. 20) is DISMISSED WITH PREJUDICE.

DATED: **September 26, 2012**

Honorable Edward J. Lodge
U. S. District Judge